DORIS STRICKLIN, Plaintiff-Appellee, v. ARTHUR BECAN, Defendant (Doctor's Hospital, Ltd., a/k/a Health Management Limited Partnership, d/b/a Doctor's Hospital, Respondent in Discovery-Appellant).

Fourth District   No. 4—97—0166

Argued October 21, 1997.—Opinion filed December 31, 1997.

Stephen R. Kaufmann and Michael T. Kokal (argued), both of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellant.

William A. Allison (argued), of Allison & Kelly, Ltd., of Bloomington, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Doctor's Hospital, Ltd. (hospital), appeals from an order holding it in contempt and imposing a $500 sanction for refusing to turn over a document in discovery to plaintiff which the hospital contends is privileged from disclosure under sections 8—2101 and 8—2102 of the Medical Studies Act (Act) (735 ILCS 5/8—2101, 8—2102 (West 1996)). We reverse and remand.

In 1996, plaintiff filed a medical malpractice claim against defendant, Dr. Arthur Becan, over surgery and treatment Becan provided to one of plaintiff's rotator cuffs in 1994. The hospital was named as a respondent in discovery. During the course of discovery, plaintiff propounded a series of interrogatories to the hospital, only one of which is at issue here. Plaintiff requested:

"Any other document prepared by person [*sic*] other than a member of Respondent's medical staff which is critical of or complains about the performance or competence of Arthur Becan."

Citing the Act, the hospital objected, initially, on the basis of relevance.

Plaintiff subsequently filed a motion to compel production. In response, the hospital again objected on the basis of the Act. The hospital specifically identified the existence of a September 12, 1994,

letter from Robert B. Ambrose, M.D., Morristown, N.J., claiming it was a "reference letter which was generated at the request of the Doctor's Hospital Credentialing Committee" and was, therefore, privileged. The hospital also offered the court an option stating "if the court desires, Doctor's Hospital will make the Dr. Ambrose letter available for an *in camera* inspection."

In a subsequent docket entry, the trial court, after reviewing the authority cited by both sides, found no privilege existed and granted plaintiff's motion to compel production of the letter within 14 days. The court did not, however, take the hospital up on its offer to examine the document *in camera.*

The hospital then filed a motion to supplement the record with the affidavit of Karen Senger and moved the court to reconsider its prior order requiring production. The affidavit of Senger stated she was the risk manager of the hospital, had personal knowledge of the files concerning the application for appointment to the medical staff of Dr. Becan, and had personal knowledge of the documents kept regarding the credentialing process at the hospital.

Senger then averred that the files contained a July 19, 1994, letter from the hospital to Morristown Memorial Hospital in New Jersey requesting an evaluation of Dr. Becan for the credentialing committee at the hospital. The file also contained a response to that letter from Dr. Ambrose dated September 12, 1994. The affidavit concluded that the letter "clearly indicates that it is a response to the correspondence received from Doctor's Hospital on behalf of Doctor's Hospital's credentialing committee." The hospital argued the document was privileged because it was produced at the request of the credentialing committee for use in a determination of whether permanent privileges should be extended to Dr. Becan, who had been granted temporary privileges at the time he treated plaintiff.

In a written response, plaintiff stated, initially, she had no objection to defendant's request to supplement the record with the affidavit of Senger. However, she argued the existence of the affidavit provided no basis for the court to modify its prior decision.

After a hearing, the court granted the motion to supplement but denied the motion to reconsider. Counsel for defendant indicated the hospital would not comply with the turnover order and suggested that it should be found in contempt to test the validity of the ruling by appeal. The trial court then found the hospital in direct civil contempt and imposed a $500 sanction that was stayed pending appeal.

■ Initially, we consider a question of procedure. On appeal, plaintiff has moved to file supplemental authorities suggesting that

the Senger affidavit was not properly before the trial court because it was not attached to the original response to the motion to compel and was only offered with the hospital's motion for reconsideration. We need not resolve this issue on the merits, however, because plaintiff has waived this argument. Not only did plaintiff fail to object to consideration of the affidavit, she expressly acquiesced in it being filed when counsel indicated there was no objection to it being considered. The affidavit is, therefore, properly before us on appeal. See *People ex rel. Carey v. Starview Drive-In Theatre, Inc.*, 100 Ill. App. 3d 624, 627-28, 427 N.E.2d 201, 205 (1981).

■ We now consider the merits of the case. The applicable version of section 8—2101 of the Act provides, in pertinent part:

> "Information obtained. All information, interviews, reports, statements, memoranda, recommendations, *letters of reference or other third[-]party confidential assessments of a health care practitioner's professional competence*, or other data of the *** Patient Care Audit Committees, Medical Care Evaluation Committees, Utilization Review Committees, Credential Committees and Executive Committees, or their designees (but not the medical records pertaining to the patient), used in the course of internal quality control or of medical study for the purpose of reducing morbidity or mortality, or for improving patient care or increasing organ and tissue donation, shall be privileged, strictly confidential and shall be used only for medical research, *** the evaluation and improvement of quality care, or granting, limiting or revoking staff privileges ***." (Emphasis added.) 735 ILCS 5/8—2101 (West 1996).

Section 8—2102 provides:

> "Admissibility as evidence. Such information, records, reports, statements, notes, memoranda, or other data, shall not be admissible as evidence, nor discoverable in any action of any kind in any court or before any tribunal, board, agency or person. The disclosure of any such information or data, whether proper, or improper, shall not waive or have any effect upon its confidentiality, nondiscoverability, or nonadmissibility." 735 ILCS 5/8—2101 (West 1996).

The hospital contends, on the basis of Senger's affidavit, the document appears to fall squarely within the protection of the Act because it constitutes a "letter of reference" or a "third[-]party confidential assessment of a health care practitioner's professional competence." Plaintiff responds that the burden is on the hospital to show the material is privileged and it has failed to do so. Plaintiff argues that documents are privileged only to the extent they are used for "internal quality control or medical study for the purpose of reduc-

ing morbidity or mortality, or for improving patient care" and under the hospital's bylaws, a separate quality assurance committee, whose duties do not overlap those of the credentials committee, performs those functions.

In essence, plaintiff's argument is that granting or limiting staff privileges does not constitute internal quality control at the hospital. We do not read the language of the statute as narrowly as plaintiff. We note that the emphasized portion of section 8—2101 of the Act, which we have quoted, was added by an amendment to the Act in 1994. See Pub. Act 89—393, § 15, eff. August 20, 1995 (1995 Ill. Laws 4135). We believe the effect of the amendment is to clearly include letters of reference and other third-party confidential personnel assessments within the class of nondiscoverable documents. Furthermore, section 8—2101 clearly provides that they may be used by credentialing committees for the purpose of determining staff privileges. To the extent the letter is a letter of recommendation or third-party confidential assessment of Dr. Becan's professional competence, used by the credentialing committee, it could be subject to nondisclosure under the Act. We also agree with plaintiff, however, that not all documents considered by a credentialing committee are subject to the privilege.

■ The purpose of the Act is to ensure the effectiveness of professional self-evaluation, by members of the medical profession, in the interest of improving the quality of health care. The Act is premised on the belief that absent the statutory peer-review privilege, physicians would be reluctant to sit on peer-review committees and engage in frank evaluations of their colleagues. *Jenkins v. Wu*, 102 Ill. 2d 468, 480, 468 N.E.2d 1162, 1168 (1984). In *Willing v. St. Joseph Hospital*, 176 Ill. App. 3d 737, 742-43, 531 N.E.2d 824, 828-29 (1988), the court held that a physician's educational transcripts and applications for appointment to staff, as well as materials regarding the initial privileges granted to the physician and any modifications, including restrictions or revocations, were not privileged under the Act, reasoning that these documents were antecedent or subsequent to the peer-review process. In *Roach v. Springfield Clinic*, 157 Ill. 2d 29, 623 N.E.2d 246 (1993), the supreme court held that not all information that comes into the possession of a hospital staff, even if it is considered by a peer-review committee, is nondiscoverable. Simply furnishing information to a committee does not create the privilege. It must be information generated during the course of the peer-review process. If the information exists in some nonprivileged form, placing it in front of the committee does not transform it into privileged material.

The balance to be struck in determining what is discoverable is described in the case of *May v. Wood River Township Hospital*, 257 Ill. App. 3d 969, 629 N.E.2d 170 (1994). There the court offered the example of a hospital having come into possession of a newspaper article written two years before the doctor applied for privileges that was either complimentary or critical of the doctor's competence. The mere fact the committee considered the article could not reasonably be held to make that nonprivileged article privileged. The court in *May* went on to say:

"On the other hand, if the committee sought to generate new opinions or information for consideration by the committee, a privilege *could* attach. For example, if the committee interviewed a colleague of [the doctor] to elicit an opinion on [the doctor's] ability as a physician, that opinion *could* be privileged. If, however, the same opinion had been stated earlier in a deposition in a malpractice case and the committee reviewed the deposition, no privilege could attach to secrete the deposition from the discovery process, nor should the fact that it was considered be immune from discovery." (Emphasis added.) *May*, 257 Ill. App. 3d at 975-76, 629 N.E.2d at 174.

The problem in this case is that the document in question is not before this court as part of the record on appeal and the trial court never took the opportunity to examine it *in camera* even though the hospital offered to produce it for that purpose. Thus, we cannot say whether and to what extent the privilege may attach.

Accordingly, we reverse the order of contempt and sanction and remand to the trial court for the purpose of conducting an *in camera* review of the September 12, 1994, communication from Dr. Ambrose to the hospital. To the extent it constitutes a "letter of reference" or "third-party confidential assessment" of Dr. Becan's "professional competence," it is privileged from disclosure. To the extent it relies upon or incorporates other nonprivileged material, that portion of the document is to be ordered produced to plaintiff after redacting any privileged material.

As a final note, plaintiff contends the material should be produced under a different interrogatory propounded to the hospital. We decline to address this issue. The only order on appeal properly before us is that holding the hospital in contempt for failing to produce the document under a different interrogatory.

For the foregoing reasons, the judgment of the circuit court of

892

Sangamon County is reversed and the cause is remanded with directions.

Reversed and remanded with directions.

GREEN and STEIGMANN, JJ., concur.